UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| TRAINCROFT, INC. | ) |
|       Plaintiff, | ) |
| vs. | ) |
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA | ) Civil Action No. 1:14-CV-10551 |
| and | ) |
| NORMAN-SPENCER MCKERNAN, INC. | ) |
| and | ) |
| JENNIFER PORTER | ) |
|       Defendants. | ) |

## AMENDED NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Insurance Company of the State of Pennsylvania ("Insurance Co. of PA") hereby gives amended notice of the removal of this civil action from the Superior Court of Middlesex County, State of Massachusetts, to the United States District Court for the District of Massachusetts, Eastern Division.  In this Amended Notice of Removal, Insurance Co. of PA states as follows:

1.  A Notice of Removal can be freely amended, without leave, within 30 days of service.  *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190 (3d Cir. 2003), *cert. denied*, 541 U.S. 903, 124 S. Ct. 1602, 158 L. Ed. 2d 244 (2004) *and* 11C Wright, Miller & Cooper, Federal Practice and Procedure § 3733.

2. As set forth more fully below, Insurance Co. of PA submits this Amended Notice to clarify that, contrary to its prior understanding, its co-defendants have not yet been served in this matter.

## THE REMOVED CASE

3. Plaintiff Traincroft, Inc. ("Traincroft") commenced this action by filing a complaint in the Superior Court of Middlesex County (Massachusetts)—captioned *Traincroft, Inc. v. The Insurance Company of the State of Pennsylvania, et al.*—and serving it on Insurance Co. of PA on or after February 14, 2014 (the "State Court Complaint").

4. The State Court Complaint alleges that Insurance Co. of PA:

   a. failed to amend estimated premiums communicated to Traincroft to reflect classification code changes mandated by the Pennsylvania Compensation Rating Bureau (the "PCRB");[1] and

   b. misrepresented facts related to the insurance policies in question.[2]

5. The State Court Complaint also names Norman-Spencer McKernan ("NSM") and Jennifer Porter ("Porter") (collectively the "Broker Defendants") as defendants.

6. The State Court Complaint alleges that the Broker Defendants failed to advise or warn Traincroft of the classification code amendments mandated by the PCRB, the effect of those amendments on Traincroft, and of issues related to the audit.[3]

7. Against Insurance Co. of PA, the State Court Complaint asserts claims for (1) declaratory relief (Count I) and (2) violation of M.G.L. c. 93A §11 (Count II); it asserts claims

---

[1] **Ex. 1** (State Court Complaint), ¶¶ 18 – 22.
[2] **Ex. 1** (State Court Complaint), ¶¶ 36-40.
[3] **Ex. 1** (State Court Complaint), ¶¶ 23 – 24; 41-46.

587845 v3

of (3) professional malpractice (Count III); and (4) negligence (Count IV) against the Broker Defendants.[4]

## PAPERS FROM THE REMOVED ACTION

8. As required by 28 U.S.C. § 1446(a), attached as **Exhibits 1, 2,** and **3** are copies of all process, pleadings, and orders served upon Insurance Co. of PA in the removed case.

## THE REMOVAL IS TIMELY

9. Under 28 U.S.C. § 1446(b)(3), a party must file a notice of removal "within 30 days after receipt . . . of a . . . paper from which it may first be ascertained that the case is one which is or has become removable."

10. According to Traincroft's Proof of Service, it did not serve Insurance Co. of PA prior to February 14, 2014.[5]

11. As of today's date, Traincroft has not served the Broker Defendants.

12. By filing this Notice of Removal on March 13, 2014, the original removal was filed within 30 days of service of the State Court Complaint, which is the first document that identifies diverse parties and in excess of $75,000 in controversy; as such, Insurance Co. of PA's removal is timely.

13. This Amended Notice of Removal is likewise timely, as it is being filed within 30 days of service upon Insurance Co. of PA.

## THE VENUE REQUIREMENT IS MET

14. Venue of this removal is proper under 28 U.S.C. § 1441(a), because this is the district court that embraces the place where the State Court Complaint is pending.

---

[4] **Ex. 1** (State Court Complaint), ¶¶ 30 – 51.
[5] **Ex. 2** (Proof of Service)

## DIVERSITY OF CITIZENSHIP EXISTS

15. This civil action is within the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on 28 U.S.C. §§ 1441 and 1446.

16. Traincroft is incorporated in Massachusetts and maintains its principal place of business in Medford, Middlesex County, Massachusetts;[6] thus, for jurisdictional purposes Traincroft is a citizen of **Massachusetts**.

17. As alleged in the State Court Complaint, Insurance Co. of PA is organized under the laws of the State of Pennsylvania, with its principal place of business located in New York;[7] and thus for jurisdictional purposes Insurance Co. of PA is a citizen of **Pennsylvania** and **New York**.

18. As alleged by Traincroft, NSM is a company that is organized under the laws of the State of Pennsylvania, with its principal place of business located in Pennsylvania, and thus for jurisdictional purposes NSM is a citizen of **Pennsylvania**.

19. Porter is a citizen of a **Pennsylvania**.

20. Because Traincroft is a citizen of **Massachusetts**, Insurance Co. of PA is a citizen of **Pennsylvania** and **New York**, NSM is a citizen of **Pennsylvania** and Porter is a citizen of **Pennsylvania**, diversity of citizenship exists under 28 U.S.C. § 1332.

---

[6] **Ex. 1** (State Court Complaint), ¶ 4.
[7] **Ex. 1** (State Court Complaint), ¶ 5.

**THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

21. 28 U.S.C. § 1332(a) provides for federal jurisdiction where the matter in controversy exceeds $75,000, exclusive of interests and costs.

22. Pursuant to 28 U.S.C. 1446(c)(2)(B), removal is proper on the basis of an amount in controversy if the court finds, by a "preponderance of the evidence," that the amount in controversy exceeds $75,000.

Civil Cover Sheet

23. According to the Civil Action Cover Sheet that accompanies the State Court Complaint, the amount in controversy exceeds $182,499.[8] This civil cover sheet supports a finding that the amount-in-controversy requirement has been satisfied. *Huston v. FLS Language Centres*, 2014 U.S. Dist. LEXIS 21961, *8 (D. Mass. Feb. 21, 2014) (it is reasonable to conclude that the damages claimed on a plaintiff's state court civil cover sheet represents the amount in controversy when there are no specific damage allegations in the complaint).

Compensatory and Treble Damages

24. Traincroft alleges "monetary loss"[9] in the amount of "$182,499"; this figure is derived from the amount that it allegedly owes as a result "of the classification code change" referenced in the State Court Complaint.[10]

25. Traincroft also alleges that it suffered "emotional distress"[11] as a result of Insurance Co. of PA's actions.

26. Traincroft seeks "[t]reble" damages pursuant to M.G.L. c. 93A, § 11.[12]

---

[8] **Ex. 3** (Civil Cover Sheet).
[9] **Ex. 1** (State Court Complaint), ¶ 40.
[10] **Ex. 1** (State Court Complaint), ¶ 25.
[11] **Ex. 1** (State Court Complaint), ¶ 40.
[12] **Ex. 1** (State Court Complaint), p. 8, Count II (ad damnum clause) ¶ c.

587845 v3

27. Traincroft seeks the same compensatory damages against the Broker Defendants that it seeks against Insurance Co. of PA.[13]

28. Courts take into account compensatory and treble damages in ascertaining whether the amount-in-controversy requirement has been satisfied. *Toglan v. Marriott Int'l, Inc.*, 2011 U.S. Dist. LEXIS 91313, *12 (D. Mass. Aug. 15, 2011) (court must account for all potential damages in determining whether amount in controversy is satisfied); *Youtsey v. Avibank Mfg., Inc.*, 734 F. Supp. 2d 230, 238 (D. Mass. 2010) (applying treble damages provision in M.G.L. c. 93A, § 11 to the jurisdictional minimum for diversity jurisdiction).

Value of Equitable Relief

29. In Count I, Traincroft prays for equitable relief that would:

   a. prevent Insurance Co. of PA "from pursuing a retroactive audit" that resulted in $189,499 being owed to Insurance Co. of PA.;

   b. declare that "Traincroft does not owe" Insurance Co. of PA the $189,499 arising from the audit.

30. Courts consider the value of equitable relief in determining whether the amount-in-controversy requirement has been satisfied. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

---

[13] **Ex. 1** (State Court Complaint), pp. 9-10, Counts III & IV (ad damnum clauses) ¶ b.

587845 v3

<u>Attorneys' Fees and Court Costs</u>

31.     In Counts I and II, Traincroft prays that the Court require Insurance Co. of PA "to fully reimburse the costs of maintaining this action, including . . . reasonable attorneys' fees and costs."

32.     Traincroft's basis for attorneys' fees in Count I is unclear, but M.G.L. c. 93A §11 (Count II) permits recovery of attorneys' fees for successful claimants.  *See* Mass. Gen. Laws ch. 93A, § 9(4).

33.     Traincroft also seeks attorneys' fees from the Broker Defendants,[14] although the basis for attorneys' fees for professional malpractice (Count III) and negligence (Count IV) is unclear.

34.     Attorneys' fees and court costs are taken into account in analyzing whether the requisite amount-in-controversy is in dispute.  *Spielman v. Genzyme Corp.*, 251 F.3d 1, 6 (1st Cir. 2001) (attorneys' fees and costs are included in the amount-in-controversy calculation when a statute allows for recovery of those fees).

35.     Through a combination of compensatory/treble damages, injunctive relief, and attorneys' fees/costs, a "preponderance of the evidence" demonstrates that the amount in controversy exceeds $75,000.

### REMOVAL JURISDICTION

36.     This action involves a controversy in which no plaintiff is a citizen of the same State as any defendant and the value of the matter in dispute exceeds the sum of $75,000, exclusive of interest and costs; accordingly, this action is one over which this District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

---

[14] **Ex. 1** (State Court Complaint), pp. 9-10, Counts III & IV (ad damnum clauses) ¶ c.

## FILING OF REMOVAL PAPERS

37.  A copy of this Notice of Removal is being served on Traincroft's counsel and being filed with the Superior Court of Middlesex County, State of Massachusetts, as provided for in 28 U.S.C. § 1446(d).

WHEREFORE, for the foregoing reasons, Defendant Insurance Co. of PA hereby removes this action from the Superior Court of Middlesex County, State of Massachusetts, to the United States District Court for the District of Massachusetts, Eastern Division.

587845 v3

Dated: Washington, DC
       March 13, 2014

                              Respectfully submitted,

                              SHOOK, HARDY & BACON, LLP

                    By:  /s/ Kenneth E. Chase
                              Kenneth E. Chase, Esq.
                              Attorney Bar Number: 664586
                              Shook, Hardy & Bacon, LLP
                              1155 F Street NW, Suite 200
                              Washington, DC 20004
                              Telephone:  (202) 639-5606
                              Facsimile:  (202) 783-4211
                              Email: kchase@shb.com

                              *Counsel for Defendant*
                              *The Insurance Company*
                              *of the State of Pennsylvania*

587845 v3

## CERTIFICATE OF SERVICE

      I certify that on March 13, 2014, a true copy of the above document was served upon the following parties and/or counsel of record by U.S. Mail:

Jeremy Y. Weltman
Clark, Hunt, Ahern & Embry
150 Cambridge Park Drive
Cambridge, MA 02140
*Counsel for Plaintiff Traincroft, Inc.*

                                    By: /s/ Kenneth E. Chase
                                          Kenneth E. Chase, Esq.

                                          *Counsel for Defendant*
                                          *The Insurance Company*
                                          *of the State of Pennsylvania*