**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TRAINCROFT, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **THE INSURANCE COMPANY OF THE** | ) | **Civil Action No.  1:14-CV-10551** |
| **STATE OF PENNSYLVANIA** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **NORMAN-SPENCER MCKERNAN, INC.** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JENNIFER PORTER** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA'S MOTION**
**TO DISMISS PLAINTIFF TRAINCROFT'S COMPLAINT**

Defendant The Insurance Company of the State of Pennsylvania ("Ins Co. of PA"), through counsel, hereby files this Memorandum of Law in Support of its Motion to Dismiss Plaintiff Traincroft, Inc.'s ("Traincroft") Complaint.

**I.      BACKGROUND**

   **A.      Factual Background**

Ins. Co. of PA issued workers' compensation insurance coverage to Traincroft under policy number 66061031-01211324 with a coverage period of November 20, 2011 through November 20, 2012 ("the 2011 Policy") and policy number 66061370 with a coverage period of November 20, 2012 through November 20, 2013 ("The 2012 Policy").[1]   The parties' written

---

[1] **Doc. 5** (Counterclaim), ¶¶ 7, 13.

policies provide that Traincroft's initial premium payments were estimates and that an Ins. Co. of PA auditor would determine Traincroft's final premiums pursuant to year-end policy audits.[2] Audits are required because premium is a function of an insured's payroll, which cannot be determined with certainty until after the policy term ends.[3]

On or about February 12, 2013, Ins. Co. of PA completed an audit of Traincroft's records.[4]   Plaintiff's auditor determined that Traincroft owed an additional $182,499 in additional premium for the 2011 Policy.[5]  The final calculation for the additional premium, if any, owed by Traincroft pursuant to the 2012 Policy is currently pending.  As of the current date, Traincroft has never brought any dispute, complaint or administrative action before the Massachusetts Insurance Commissioner.

### B.      Procedural History

On March 29, 2013, Ins. Co. of PA sent an invoice seeking the additional premium of $182,499.00 owed for the 2011 Policy to Traincroft.[6]  Rather than pay the balance owed or submit a dispute to the Massachusetts Insurance Commissioner, Traincroft filed suit against Ins. Co. of PA and co-defendants Norma-Spencer McKernan, Inc. ("NSM") and Jennifer Porter ("Porter") in the Superior Court of Middlesex County for the State of Massachusetts.  Ins. Co. of PA removed this action to the District of Massachusetts, Eastern Division on March 6, 2014.[7]

---

[2] **Doc. 8** (Counterclaim), **Ex. 1**, Part 5(E).
[3] **Doc. 8** (Counterclaim), ¶ 8.
[4] **Doc. 8** (Counterclaim), ¶ 13.
[5] **Doc. 8** (Counterclaim), ¶ 16.
[6] **Doc. 8** (Counterclaim), **Ex. 2**.
[7] **Doc. 1** (Notice of Removal).

## II.     ARGUMENT

### A.     Summary of Grounds for Dismissal

Traincroft's Complaint should be dismissed for lack of subject matter jurisdiction because Traincroft's exclusive remedy is through the Massachusetts Insurance Commissioner pursuant to M.G.L. c. 152.  In addition, each and every one of Traincroft's claims fail as a matter of substantive law.

### B.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a court should dismiss a claim for lack of subject matter jurisdiction when the claimant's allegations "do not establish the court's jurisdiction to hear the claim." *Ginther v. Comm'r of Ins*., 427 Mass. 319, 322 (1998).  The non-moving party has the burden of proving jurisdictional facts when subject matter jurisdiction is raised.  *Bevilacqua v. Rodriguez*, 460 Mass. 762, 765 n. 2 (2011).  Dismissal is required if the non-moving party cannot prove that the court has subject matter jurisdiction.  Mass. R. Civ. P. 12(h)(3).  When subject matter jurisdiction is lacking, it cannot be "conferred by consent, conduct or waiver."  *Jamgochian v. Dierker*, 425 Mass. 565, 567 (1997).

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  The "facial plausibility" standard requires a plaintiff to allege facts demonstrating "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).   To survive a Rule 12(b)(6) motion to dismiss, a claimant must set forth factual allegations plausibly suggesting — not

merely consistent with — an entitlement to relief.  *Iannacchino v. Ford Motor Co.*, 451 Mass. 623 (2008).

### C.     Traincroft's Complaint Should be Dismissed in its Entirety Because the Superior Court and this Court Lack Subject Matter Jurisdiction.

#### 1.     This Court Lacks Subject Matter Jurisdiction

A Massachusetts court will not consider a dispute concerning workers' compensation until the parties have exhausted all available administrative remedies.  *Utica Mutual Insurance Co. v. Liberty Mutual Insurance Co*., 19 Mass. App. Ct. 262, 264 (1985).  This rule applies to disputes between claimants and insurers.  *Id.*

Traincroft should have brought an administrative action before the Massachusetts Insurance Commissioner pursuant to M.G.L. c. 152 because the Massachusetts Insurance Commissioner has exclusive jurisdiction over all of the substantive allegations in Traincroft's Complaint. M.G.L. c. 152 § 52D  provides that "any person *aggrieved by the application of [the Massachusetts Insurance Commissioner's] rating system* may be heard . . . on his written request to review the manner in which such rating system has been applied in connection with the insurance afforded him." (Emphasis added.)  Thereafter, "[a]ny party affected by the action of such rating organization or such *insurer* on such request may . . . appeal to the commissioner, who, after a hearing held upon not less than ten days' written notice to the appellant and to such rating organization or insurer, may affirm or reverse such action."  *Id*. (emphasis added).

M.G.L. c. 152 affirmatively confers "primary jurisdiction" to the Massachusetts Insurance Commissioner in connection with disputes regarding the calculation of workers' compensation premiums, including allegations of unfair or deceptive conduct.  *Fleming v. National Union Fire Ins. Co*., 445 Mass. 381, 385-86 (Mass. 2005) (precluding plaintiff's action in Superior Court under primary jurisdiction doctrine); *Warner Ins. Co. v. Commissioner of Ins.,*

4

406 Mass. 354 (990); *Papetti v. Alicandro,* 317 Mass. 382, 385-390 (1944). Parties must also exhaust their administrative remedies before requesting declaratory judgment. *See, e.g., Space Bldg. Corp. v. Commissioner of Revenue*, 413 Mass. 445, 448 (1992).

Primary jurisdiction affirmatively divests civil courts of subject matter jurisdiction. *Liability Investigative Fund Effort v. Medical Malpractice Joint Underwriting Ass'n*, 409 Mass. 734 (1991) (holding that in workers' compensation insurance context, plaintiff cannot bring common law contract and consumer protection claims against carrier in the Superior Court). Administrative action is required in order to "secure uniformity and consistency in the regulation of business entrusted to a particular agency" and facilitate the resolution of "technical questions of fact uniquely within the expertise and experience of an agency." *Id.* at 750. In fact, parties have "**no right** to try out the issue [of technical matters related to the administration of workers' compensation insurance] in court." *Lee v. International Data Group*, 55 Mass. App. Ct. 110, 116 (2002) *rev. denied,* 438 Mass. 1110 (2003) (quoting Locke, *Workmen's Compensation* § 131, at 136) (emphasis added).

Traincroft's claims fit within this framework, as Traincroft's Complaint alleges the following substantive allegations against Ins. Co. of PA: (1) Ins. Co. of PA failed to timely change the classification codes applied to Traincroft's employees in connection with the Policies; (2) Ins. Co. of PA failed to timely notify Traincroft of the classification code changes; (3) Ins. Co. of PA did not apply the amended classification codes to the estimated premiums charged at the initiation of the 2011 and 2012 Policies.[8] Traincroft's allegations pertaining to the calculation of premiums and application of modified class codes are precisely the kind of

---

[8] **Doc. 1** (Notice of Removal). **Ex. 1** (Traincroft's Complaint), ¶¶ 20, 33, 34.

technical matters that require the Massachusetts Insurance Commissioner's expertise in ensuring uniformity and consistency in the administration of workers' compensation insurance policies.

Because Traincroft failed to fully avail itself of administrative opportunities, this Court has no subject matter jurisdiction over Traincroft's dispute and the Court should dismiss Traincroft's claims. *Gargano v. Barnstable Conservation Commn.*, 2003 WL 21415302, at *1 (Mass. App. Ct. 2003) (dismissal proper when claimant failed to "appeal the Commission's Order" and "therefore failed to exhaust administrative remedies"); *Bingham v. City Council of Fitchburg*, 52 Mass. App. Ct. 556, 559 (2001) (a failure to timely file an administrative complaint is grounds for dismissal).

### 2.     Dismissal is the Proper Remedy

The second question is whether Traincroft's Complaint ought to be dismissed or stayed. A claimant's failure to exhaust a required administrative remedy absolutely divests the court of subject matter jurisdiction, rendering a trial moot and nullifying any jury verdict. *Everett v. 357 Corp.*, 453 Mass. 585 (2009); *Luchini v. Commissioner of Rev.,* 436 Mass. 403, 404-405 (2002). A claimant in the context of workers' compensation insurance has an unwaivable obligation to submit an administrative filing prior to seeking redress in civil court. *Everett v. 357 Corp.*, 453 Mass. 585, 600 (2009); *Balcam v. Town of Hingham*, 41 Mass. App. Ct. 260, 266, *rev. denied,* 423 Mass. 1111 (Mass. 1996) (injunction vacated and complaint dismissed because homeowners failed to pursue administrative remedies).  Because the Court has no subject matter jurisdiction over the issues raised in Traincroft's Complaint, the correct remedy is outright dismissal of the Complaint rather than a stay of Traincroft's claims.

588075 v2

**D.      Traincroft's Declaratory Judgment Claim in Connection with the 2012 Policy Fails Because No Actual Controversy Exists**

Under Massachusetts law, a declaratory judgment may be rendered where there is an "actual controversy" that is "specifically set forth in the pleadings." M.G.L. c. 231A, § 1. "Although declaratory relief may be sought before the plaintiff has suffered harm, a pleading brought under § 231A must 'set[] forth a real dispute caused by the assertion by one party of a legal relation, status or right in which he has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter, where the circumstances attending the dispute plainly indicate that unless the matter is adjusted [sic] such antagonistic claims will almost immediately and inevitably lead to litigation.'" *Ruiz v. Bally Total Fitness Holding Corp.*, 447 F. Supp. 2d 23, 30-31 (D. Mass. 2006) (quoting *Sch. Comm. Of Cambridge v. Superintendent of Sch. Of Cambridge*, 320 Mass. 516 (1946).  "However, controversy in the abstract is not sufficient to allow a plaintiff to invoke the declaratory judgment remedy. …The plaintiff must also be one who, by virtue of a legally cognizable injury, is a person entitled to initiate judicial resolution of the controversy."  *Mass. Ass'n of Indep. Ins. Agents & Brokers, Inc. v. Comm'r of Ins.,* 373 Mass. 290, 293 (1977) (internal citation omitted).  *Cf. Ruiz*, 447 F. Supp. 2d at 30 (declaratory relief may be sought before the plaintiff has suffered harm, but only if the parties' antagonistic claims will almost immediately and inevitably lead to litigation).

Traincroft's Complaint alleges that it suffered "monetary loss" as a result of the audit for the 2011 Policy, pursuant to which an additional premium of $182,499.00 was assessed. However, Traincroft has not made any payments whatsoever toward the additional premium owed for the 2011 Policy.[9]  A party cannot assert a declaratory judgment action simply because another party has demanded payment pursuant to a contract; instead, the party must sustain a

---

[9] **Doc. 8** (Counterclaim), ¶ 16.

legally cognizable injury.  *Id.*  Additionally, the final premium for the 2012 Policy has not even been calculated[10] and therefore Traincroft cannot assert a declaratory judgment action under that Policy either.  As such, Traincroft's declaratory judgment action fails as a matter of law.

> **E.    Traincroft's M.G.L. c. 93A Claim Fails as a Matter of Law Because Traincroft has Not Suffered Any Cognizable Damages**

M.G.L. c. 93A, § 11 provides that any person engaged in trade or commerce who suffers any loss of money or property, real or personal, as a result of an unfair method of competition or an unfair or deceptive act or practice by another who is engaged in trade or commerce may bring an action for his injuries. "The burden of establishing liability under the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, is demanding… ." *Ruiz*, 447 F. Supp. 2d at 29.  "In addition, the plaintiff must have been substantially injured by the alleged violation." *Id.* at 30.  As noted above, Traincroft has not alleged that it remitted any funds to Ins. Co. of PA pursuant to either the 2011 or 2012 Policies.  Because M.G.L. c. 93A, § 11  creates a right of action only for litigants who have suffered "any loss of money or property, real or personal" and Traincroft has not suffered any money or property loss as a result of Ins. Co. of PA's alleged acts, its M.G.L. c. 93A claim fails as matter of law.

Traincroft's Complaint also alleges that it suffered "emotional distress" in connection with the 2011 and 2012 Policies.  M.G.L. c. 93A, § 11 allows litigants to recover money or property loss; it does not allow for the recovery for emotional harm or damage.  *See Tech Plus, Inc. v. Ansel*, 59 Mass. App. Ct. 12, 19 (2003) (to recover damages or attorneys' fees under Mass. Gen. Laws ch. 93A, § 11, a plaintiff must show that he has suffered a loss of money or property, real or personal. "Money" means money, not time, and "property" means the kind of property that is purchased or leased, not intangibles such as a right to a sense of security, to

---

[10] **Doc. 1** (Notice of Removal). **Ex. 1** (Traincroft's Complaint), ¶ 27.

peace of mind, or to personal liberty.).   Further, compensable injuries as a result of emotional distress can include marital difficulties, drug and alcohol abuse, depression, anxiety, and loss of consortium.   *See, e.g. Lang v. Cna Ins. Cos.*, 2 Mass. L. Rep. 473 (Mass. Super. Ct. 1994). Because none of these injuries could conceivably be suffered by a corporation, Traincroft's claim for emotional distress is barred as a matter of law.

Finally, a plaintiff's claim under M.G.L. c. 93A, § 11  is sustainable only if it can show that the defendant's actions were within at least the penumbra of some common-law, statutory, or other established concept of unfairness, or were immoral, unethical, oppressive or unscrupulous. *Id.* at 29-30 (internal quotations omitted).   A cognizable M.G.L. c. 93A claim requires that the conduct have a "pernicious purpose" or an "extortionate, coercive" quality that evinces a "rancid flavor of unfairness."   *Atkinson v. Rosenthal*, 33 Mass. App. Ct. 219, 226 (1992); *Piccicuto v. Dwyer*, 32 Mass. App. Ct. 137, 139 (1992).   An alleged "breach of a legal obligation under commercial law, without more, does not amount to an unfair or deceptive act under G.L. c. 93A."   *Framingham Auto Sales, Inc. v. Workers' Credit Union,* 41 Mass. App. Ct. 416, 418 (1996) (quoting *Whitinsville Plaza, Inc. v. Kotseas*, 378 Mass. 85, 100-01 (1979)); *Levings v. Forbes & Wallace, Inc.,* 8 Mass. App. Ct. 498, 504 (1979) (bona fide commercial dispute does not amount to a c. 93A claim).

Count II of Traincroft's Complaint sounds in M.G.L. c. 93A, but the allegations therein contain no new substantive allegations; instead they merely regurgitate the Complaint's prior allegations related to Ins. Co. of PA's purported failure to notify Traincroft of the amended classification codes and apply the amended classification codes to the Policies' estimated premiums.   These standard commercial disputes over notification and underwriting practices do not support a M.G. L. c. 93A claim.   *Kobayashi v. Orion Ventures, Inc*. 42 Mass. App. Ct. 492

(Mass. App. Ct. 1997) (dismissing c. 93A claim on grounds that an ordinary contract dispute is insufficient to give rise to a cognizable action under c. 93A).  Traincroft also fails to allege the core element of a "pernicious purpose" of an "extortionate, coercive" nature.  Traincroft's M.G.L. c. 93A claim should therefore be dismissed.

## III.    CONCLUSION

This Court lacks subject matter jurisdiction over Traincroft's Complaint because Traincroft's exclusive remedy is through the Massachusetts Insurance Commissioner. Its declaratory judgment claim fails in that there is no actual controversy over the two policies in question. Finally, Traincroft's M.G.L. c. 93A claim fails as a matter of law because Traincroft has not suffered any cognizable damages as a result of Ins. Co of PA's past and pending audits and this statutory section does not encompass ordinary business disputes like this one.

Dated: Washington, DC
       March 13, 2014

                                   Respectfully submitted,

                                   SHOOK, HARDY & BACON, LLP

                          By: /s/ Kenneth E. Chase
                              Kenneth E. Chase, Esq.
                              Attorney Bar Number: 664586
                              Shook, Hardy & Bacon, LLP
                              1155 F Street NW, Suite 200
                              Washington, DC 20004
                              Telephone:  (202) 639-5606
                              Facsimile:  (202) 783-4211
                              Email: kchase@shb.com

                              *Counsel for Defendant*
                              *The Insurance Company*
                              *of the State of Pennsylvania*

588075 v2

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 13, 2014, a true copy of the above document was served upon the

following counsel of record by ECF Notification and by U.S. Mail:

Jeremy Y. Weltman
Clark, Hunt, Ahern & Embry
150 Cambridge Park Drive
Cambridge, MA 02140
*Counsel for Plaintiff Traincroft, Inc.*

By: /s/ Kenneth E. Chase
      Kenneth E. Chase, Esq.

      *Counsel for Defendant*
      *The Insurance Company*
      *of the State of Pennsylvania*

588075 v2